GEORGE H. HANDY, M.D., State Health Officer
You have requested my opinion on two questions relating to the right of the public to inspect and copy documents relating to division surveys. *Page 13 
1. Can the Division of Health, in its central and various district offices, refuse to allow a member of the public, including members of the news media, access to files containing information relating to deficiencies found on official survey visits to health care facilities for which the Division serves as the regulatory agency prior to receipt of the official survey report by the facility?
2. In relation to the above question, does the Division, in its central and various district offices, when it is contemplated that enforcement action is to be taken by the central office on a facility following an official survey, have the right to be allowed to (a) at that time not treat the report as a file document, (b) be allowed to retain the survey report in their desk or some other appropriate area removed from the file, and (c) not file the report or, ((d) not) make it available to a second party until after enforcement action has been decided upon and such action taken by the central office? (Brackets and "(d) not" added.)
I am enclosing a copy of an opinion to the Secretary of the Department of Transportation, dated the 31st day of December, 1971, in which certain limitations on the right of public inspection and copying are discussed in depth.
On the basis of the conclusions set forth in that opinion, and by reason of the provisions of secs. 16.80 12) (a) and 19.21 (1) and (2), Stats., my answer to your second question is that:
1. The documents referred to are public records in the lawful possession or control of the legal custodial officer or hisdeputies. For purposes of custody and of inspection and copying, there is no special significance to the fact of filing or placing a document in a "file" Lawful possession and control of a "public record" is all that is material, and public records include all those items set forth in sec. 16.80 (2) (a), Stats. The provisions of sec. 19.21 (1) and (2), Stats., cannot be circumvented by concealing or destroying public records. See secs. 19.21 (4) and 946.72 (1), Stats.
2. The right to inspection and copying must be made available under reasonable conditions to any person subject to the limitation that the custodial officer can withhold specific documents from inspection and copying where he determines that *Page 14 
the public interest in nondisclosure outweighs the strong public interest in full public access. Where inspection is to be denied, specific relevant reasons must be given as to each document.
3. Where the documents involve a potential criminal prosecution, or an existing investigation or pending licensing or disciplinary proceeding, there may be sufficient reasons to withhold inspection. The determination is for the custodian or his deputy, if authorized, and it would be improper for me to state that any or all of the documents relating to any specific investigation you now have should be withheld, since I have neither seen the documents nor been advised of other material circumstances.
Your first question embodies an erroneous assumption. The Division of Health is not the responsible legal custodian of public records received by the agency or its officers or employes.
Section 19.21 (1), Stats., makes each officer of the state the legal custodian of the records set forth therein, and he is the custodian of those public records which are in the lawful possession of himself or his deputies.
Under sec. 19.21 (2), Stats., the duty to permit inspection and copying is on the custodial officer subject to such orders or regulations as the custodian provides.
The Department of Health and Social Services is headed by a secretary and by reason of sec. 889.08 (2), Stats., the secretary or his deputy are custodians of all of the records in their agency. That section also provides that:
"* * * In agencies having divisions, the heads of divisions are also legal custodians of the files and records of their division. * * *"
Therefore, you, as State Health Officer, are the legal custodian of the records of your division.
Where the legal custodian of a division has not delegated authority to employes in his home office or in field offices, I am of the opinion that, since sec. 19.21 (2), Stats., provides that the custodial officer shall grant access to public records for purposes of inspection or copying, he has the right to view the public record *Page 15 
before permitting any person to inspect or copy the same. This is necessarily true since, under the holding in State ex rel.Youmans v. Owens (1965), 28 Wis.2d 672, 682, 137 N.W.2d 470, the custodial officer has the duty to deny inspection:
"* * * If he determines that permitting inspection would result in harm to the public interest which outweighs any benefit that would result from granting inspection, * * *"
In large agencies or divisions, especially where there are outlying offices or where the responsible custodial officer is not readily available, delegation of authority is necessary. In most instances, inspection should be granted by the custodial officer, or his delegate, at the place where the document is, and if delegation is present the delegate should permit inspection or deny the same giving specific reasons. Even where delegation is present, the responsible custodial officer can by regulation or specific direction in each case provide that he shall be promptly notified in important instances and require that the document be delivered to him so that he can determine whether access should be withheld.
I have reviewed the administrative procedures you have forwarded and with respect to 1 and 2, which relate to access to public records, make the following observations:
I am in agreement with the provisions of 1 and 2 (a) (b) (c) (d). With respect to the second (a) under 2 (which relates to health care facility records), I agree that identification may be required, but would not agree that the person seeking inspection must or should state a reason for inspection. With respect to (b), I question whether a person must give the name of any person they represent, and suggest that inspection probably cannot be limited to a specific file requested. Subsection (f) is also suspect in those respects. However, it is a reporting provision and the information could be forwarded if available. Subsection (c) is void insofar as it prohibits copying.
After you have considered this opinion, you may wish to provide further regulations as to who is the responsible legal custodian and any chain of delegation, together with provisions for prompt notification of the responsible legal custodian in special cases. *Page 16 
RWW:RJV